# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 99-20097

---

PAMELA ANN HARRIS, on behalf
of Dominisha S. Harris,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas

---

April 24, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges

POLITZ, Circuit Judge:

Pamela Ann Harris, on behalf of her minor daughter Dominisha S. Harris, appeals the judgment affirming a final decision of the Commissioner of the Social Security Administration. For the reasons assigned, we affirm.

## BACKGROUND

In October 1991, Harris filed, on behalf of Dominisha, an application for supplemental security income ("SSI") benefits under Title XVI of the Social

Security Act, asserting that Dominisha was disabled as a result of hyperactivity, poor vision, herpes simplex, and asthma. The application was denied initially and on reconsideration. Harris then filed a second application for SSI benefits which also was denied initially and on reconsideration.

Harris sought and secured a hearing before an administrative law judge which resulted in a finding that Dominisha was not disabled within the meaning of 42 U.S.C. § 1382c. Harris sought review of that decision by the Appeals Council which found no basis for review. The findings of the ALJ thus became the final decision of the Commissioner.

Acting *pro se*, Harris invoked § 205(g) of the Act, 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's ruling, alleging that the ALJ erred in concluding that Dominisha was not disabled under § 1382c.

The Commissioner moved for summary judgment, contending that there is substantial evidence in the record to support the determination that Dominisha is not disabled. The magistrate judge recommended that the motion be granted. Harris filed a cross-motion for summary judgment, attaching medical records which she claims were neither presented to, nor considered by, the ALJ.

The district court concluded that the ALJ's determination was supported by substantial evidence, noting that the evidence attached to Harris' cross-motion did not alter its conclusion. The court granted the Commissioner's motion and denied the cross-motion by Harris. Harris timely appealed.

## ANALYSIS

2

On appeal, Harris contends that the ALJ failed to evaluate Dominisha's claim under the proper standard and failed to obtain additional medical records pertaining to her daughter's treatment, as he promised to do. The Commissioner maintains that the ALJ's conclusion on Dominisha's lack of disability is proper and supported by substantial evidence. The Commissioner also claims, for the first time, that Harris cannot maintain a *pro se* action on behalf of her daughter in federal court.

The ability of Harris to sustain the present action must be first addressed. We begin our analysis by examining whether a non-attorney parent can appear *pro se* on behalf of a minor child in a social security case, an issue not previously directly considered by this court.

## I.

In support of his contention that Harris lacks the requisite ability herein, the Commissioner relies on two Second Circuit opinions holding that a non-attorney parent may not appear *pro se* on behalf of a child.[1] The Commissioner notes that the Second Circuit has concluded that courts have a duty to enforce this rule *sua sponte*, as it is designed to protect the legal interests of children.[2]

The Commissioner does not discuss the reasoning that led to these two

---

[1]**Wenger v. Canastota Cent. Sch. Dist.**, 146 F.3d 123 (2nd Cir. 1998), *cert. denied*, 526 U.S. 1025 (1999); **Cheung v. Youth Orchestra Found. of Buffalo, Inc.**, 906 F.2d 59 (2nd Cir. 1990).

[2]**Wenger**, 146 F.3d at 125.

decisions and somewhat similar decisions by other courts.[3]

The right to proceed *pro se* in civil actions in federal court is guaranteed by 28 U.S.C. § 1654, which provides: "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."[4] Our colleagues in the Second Circuit noted that "the choice to appear pro se is not a true choice for minors who under state law . . . cannot determine their own legal actions."[5] Because there is no individual choice to proceed *pro se*, they concluded that "the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others."[6] Our colleagues conclude that it is not in the interests of minors to be represented by non-attorneys; rather, minors are entitled to trained legal assistance to fully protect their rights.[7] As a consequence, they held that a non-attorney parent must be represented by counsel to sustain an

---

[3]In addition to the Second Circuit, other federal courts have held, albeit outside the social security context, that a non-attorney parent cannot appear *pro se* on behalf of a minor child. **See, e.g., Devine v. Indian River County Sch. Bd.**, 121 F.3d 576 (11th Cir. 1997), *cert. denied*, 522 U.S. 1110 (1998); **Johns v. County of San Diego**, 114 F.3d 874 (9th Cir. 1997); **Osei-Afriyie v. Medical College of Pa.**, 937 F.2d 876 (3rd Cir. 1991); **Meeker v. Kercher**, 782 F.2d 153 (10th Cir. 1986).

[4]28 U.S.C. § 1654.

[5]**Cheung**, 906 F.2d at 61 (referring to Fed. R. Civ. P. 17(b), which provides that the capacity of an individual to sue is determined by state law).

[6]**Id.**

[7]**Id.**

4

action on behalf of a child in a racial discrimination case[8] and in a case alleging violations of the Individuals with Disabilities Education Act and Rehabilitation Act.[9]

As noted, the present appeal seeks review of an administrative decision that Dominisha is not disabled within the meaning of § 1382c. Section 406(a)(1) authorizes the Commissioner to draft rules and regulations allowing non-attorneys to represent claimants in administrative proceedings. The only circuit decision of which we are aware addressing whether a non-attorney representative may proceed *pro se* in federal court in the context of a social security case is **Innaccone v. Law**,[10] wherein the court held that a non-attorney representative of a decedent's estate may not appear *pro se* in federal court on behalf of the estate unless the representative was litigating claims or interests in which he, as opposed to the estate, had a personal stake. In reaching this conclusion the court noted that the lack of a provision parallel to § 406(a)(1), authorizing non-attorney representation of claimants in federal court, evinced Congress' intent that non-attorneys would be permitted to represent claimants only in administrative proceedings before the Commissioner. Further, the court commented that § 405(g) does not address the

---

[8]**Id.**

[9]**Wenger**, 146 F.3d 123. Other courts have reached similar conclusions, **see note 3, supra.** For example, the Tenth Circuit held that a non-attorney parent could not represent, *pro se*, his minor daughters in a civil rights action brought under 42 U.S.C. § 1983. **Meeker**, 782 F.2d 153.

[10]142 F.3d 553 (2nd Cir. 1998).

specific procedural issue whether a claimant may proceed *pro se* but, rather, grants the claimant the right to appeal a final decision of the Commissioner.[11] Because the non-attorney plaintiff in **Innaccone** was purporting to represent the estate in litigating an interest specific to the estate, rather than claims that were personal to him, the court concluded that he could not maintain his *pro se* federal court action on behalf of the estate.

In **Maldonando v. Apfel**,[12] the district court concluded that non-attorney parents may appear *pro se* on behalf of their minor children in SSI cases. The court opined that the Second Circuit's general rule prohibiting non-attorney parents from representing their children in litigation is inapplicable in the context of appeals from administrative denials of SSI benefits because the reasons for the general rule do not apply to such appeals. First, in SSI cases, a minor child living in a low-income family usually cannot exercise the right to appeal except through a parent or guardian. Second, the minor's rights can be fully protected in SSI cases without legal counsel, as the reviewing court must examine the record to determine if "all of the relevant facts [were] sufficiently developed and considered."[13] Third, SSI appeals are not subject to abuse because the proceeding only involves the appeal

---

[11]"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice . . . ." 42 U.S.C. § 405(g).

[12]55 F.Supp.2d 296 (S.D.N.Y. 1999).

[13]**Id.** at 303 (citation omitted).

from the denial of monetary benefits and the review of an administrative record. Thus, the court concluded these proceedings "do not involve the subjective criteria and range of fact-finding that are characteristic of the . . . cases that led to the rule discussed in **Wenger** and **Cheung**."[14] Additionally, the statute requires payment to the parent or guardian, "the very person who seeks to sue."[15] The court further factually distinguished SSI cases from the previous circuit decisions.

The **Maldonando** court also found that important legal and policy considerations existed which justified allowing parents to represent their children in SSI cases, including:

> (1) the parents represented their children throughout the administrative proceedings and they should be permitted to do so on appeal; (2) an appeal from the denial of SSI benefits is a common and fairly simple proceeding that is often prosecuted without the assistance of counsel; (3) plaintiffs in these cases are often unable to obtain counsel; and (4) child SSI benefits are intended to aid disabled children while they are children and therefore those rights must be vindicated in a timely manner.[16]

The court noted that "the Second Circuit as well as district courts within this circuit have routinely permitted parents in SSI cases to represent minor claimants without an attorney. . . . The interests of justice require that the courts be permitted to

---

[14]**Id.**

[15]**Id.**

[16]**Id.** at 305.

continue doing so."[17]

Unlike the representative of the decedent's estate in **Innaccone**, we find that the appellant in the present case has a personal stake in the litigation. As Dominisha's custodial parent, Harris is responsible for expenses associated with the minor's maintenance. Should Dominisha be found disabled within the meaning of § 1382c, Harris likely would serve as the representative payee of SSI benefits.[18] As a representative payee, Harris could use the SSI payments for Dominisha's "current maintenance."[19] Absent SSI benefits, however, Harris must pay for such expenses. Harris obviously has a personal financial stake in the present action.

We find persuasive the district court's analysis in **Maldonado**. We agree that the rights of minors in SSI appeals can be adequately protected without legal counsel -- the proceedings essentially involve the review of an administrative record. We are persuaded that prohibiting non-attorney parents from proceeding *pro se* in appeals from administrative SSI decisions, on behalf of a minor child, would jeopardize seriously the child's statutory right to judicial review under § 405(g). We conclude that policy considerations, such as those articulated in **Maldonado**, compel our holding that a non-attorney parent be permitted to sustain a *pro se* action on behalf of a minor child in SSI appeals. Accordingly, Harris is

---

[17]**Id.** at 302-03, 308. **But see Ortiz v. Secretary, DHHS**, No. 98-CV-490E(H), 1999 WL 605707 (W.D.N.Y. Aug. 5, 1999); **Rosario v. Apfel**, No. 96CIV.1227(PKL)(SEG), 1998 WL 685173 (S.D.N.Y. Sep. 30, 1998).

[18]20 C.F.R. §§ 416.621(b)(1), 416.635, 416.640.

[19]**Id.**

properly before the court in her *pro se* appeal on behalf of Dominisha under § 405(g).

## II.

Harris maintains on appeal that her daughter suffers from hyperactivity, behavioral problems, asthma, poor vision, and chronic outbreaks of herpes simplex lesions. Based on these conditions, Harris claims that the ALJ erred in determining that Dominisha was not disabled.

Our review of the Commissioner's decision "is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied."[20] "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance."[21] A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.[22] In applying this standard, we may not re-weigh the evidence or substitute our judgment for that of the Commissioner.[23]

Harris does not contend that the ALJ's decision lacked substantial evidence. Rather, she points to a change in the law regarding child SSI eligibility and claims

---

[20]**Ripley v. Chater**, 67 F.3d 552, 555 (5th Cir. 1995).

[21]**Id.** (internal quotation marks and citation omitted).

[22]**Johnson v. Bowen**, 864 F.2d 340, 343-44 (5th Cir. 1988).

[23]**Ripley**, 67 F.3d at 555.

that Dominisha's case should have been evaluated under the "Zebleck Act." Harris apparently is referring to the Supreme Court's decision in **Sullivan v. Zebley**,[24] wherein the Court invalidated regulations requiring a medical "listings-only" approach to child SSI disability claims and held that, in addition to evaluating claims based on listed impairments, the Commissioner must adopt a functional approach to child disability claims, much like the system already in place to evaluate adult claims.[25]

When the ALJ evaluated Dominisha's claim, a child was considered disabled if she suffered from "any medically determinable physical or mental impairment" of "comparable severity" to an impairment that would disable an adult.[26] After **Zebley**, the Commissioner adopted a four-step sequential evaluation process for determining whether a child was disabled pursuant to that statutory definition.[27] Under the four-step process, the ALJ had to determine (1) whether the child was engaging in substantial gainful activity; (2) if not, whether the child had a severe impairment; (3) if so, whether the child had an impairment which met or equaled the severity of a listed impairment; and (4) if not, whether the impairment was of comparable severity to an impairment that would disable an adult.[28]

---

[24]493 U.S. 521 (1990).

[25]**Id.** at 530-32, 539-41.

[26]42 U.S.C. § 1382c(a)(3)(A) (West 1992).

[27]20 C.F.R. § 416.924 (1996).

[28]**Id.**

The fourth and final step required an individualized functional assessment to determine whether the alleged impairments limited the child's ability to function physically or mentally in an age-appropriate manner.[29] The individualized functional assessment examined the child's impairment in specified functional domains, such as cognitive, communicative, motor, social, personal/behavioral, concentration, persistence, and pace.[30] If the child exhibited either (1) a marked limitation in one domain and a moderate limitation in at least one other domain or (2) a moderate limitation in at least three domains, the child was considered disabled for purposes of SSI eligibility.[31]

On August 22, 1996, while Dominisha's case was pending before the Appeals Council, the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRAWORA") was enacted. PRAWORA changed the definition of disability for purposes of SSI eligibility as it pertains to individuals under the age of eighteen.[32] It eliminated the "comparable severity" standards and provided that:

> An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

[29]20 C.F.R. §§ 416.924(a)-(b); 416.924d(a) (1996).

[30]20 C.F.R. §§ 416.924d(h), 416.924e(c)(2) (1996).

[31]20 C.F.R. § 416.924e(c)(2)(i)-(ii) (1996).

[32]Pub. L. No. 104-193, 110 Stat. 2105, 2188 (1996).

11

months.[33]

PRAWORA also changed SSI regulations by discontinuing use of the individualized functional assessment.[34]

Because Dominisha's claim was then pending before the Appeals Council, the PRAWORA amendments, including the amended disability standard, apply.[35] The decision by the Appeals Council does not reflect whether it evaluated the claim under the amended disability standard established by PRAWORA.

Harris maintains that Dominisha's claim should have been, but was not, evaluated under **Zebley**. She correctly recognizes that **Zebley** was the proper disability standard when the ALJ rendered his decision on December 13, 1995, before PRAWORA was enacted. She incorrectly asserts, however, that the ALJ failed to apply the **Zebley** standard. Our review of the record persuades that the ALJ did apply the four-step sequential evaluation process that was created in response to the Supreme Court's decision in **Zebley**. After evaluating various individualized functional assessments of Dominisha, the ALJ concluded that she was not disabled at the fourth and final step of the sequential evaluation process.

---

[33]PRAWORA § 211(a)(1)-(4); 42 U.S.C. § 1382c(a)(3)(C)(i) (West Supp. 1999).

[34]PRAWORA § 211(b)(2).

[35]Because the request for Appeals Council review was pending as of August 22, 1996, there had been no final adjudication for the purposes of the act. PRAWORA states that its provisions apply to claimants whose claims are subject to final adjudication on or after the date of enactment. 42 U.S.C. § 1382c, Historical Notes, Effective Dates.

Specifically, the ALJ concluded that Dominisha's impairments did not limit her ability to function in an age appropriate manner and, consequently, that she did not suffer from an impairment of "comparable severity" to that which would disable an adult. Although not specifically disputed by Harris, we conclude that the ALJ's decision under the **Zebley** standard is supported by substantial evidence.

Were we to construe Harris' contention on appeal to be that Dominisha's case should have been evaluated under the current disability standard established by PRAWORA, we remain unpersuaded that the challenged decision was erroneous. The "comparable severity" standard under which Dominisha's case was evaluated is more lenient than the disability standard established by PRAWORA.[36] As there is substantial evidence in support of the ALJ's decision under the "comparable severity" standard, we must conclude and hold that the ALJ's decision is consistent with the sterner PRAWORA standard, and Dominisha's case need not

---

[36]The Commissioner was vested with exclusive authority to prescribe regulations implementing the SSI amendments made by PRAWORA. PRAWORA § 215. Based on this statutory authority, the Social Security Administration interprets the new standard to permit the denial of claims that were already evaluated under the prior standard and were denied under that standard. Social Security Administration Teletype No. EM-96-131 § III(a)(5) (Aug. 29, 1996) ("Any case that would have been denied under the prior standard would also be denied under the new standard."). **See also** 62 Fed. Reg. 6408, 6409 (1997) (interim final rules which became effective on April 14, 1997); **Briggs v. Callahan**, 139 F.3d 606 (8th Cir. 1998); **Nelson v. Apfel**, 131 F.3d 1228 (7th Cir. 1997); **Jamerson v. Chater**, 112 F.3d 1064 (9th Cir. 1997).

be remanded to the Commissioner for reevaluation thereunder.[37]

Harris insists that the ALJ erred when he rendered his decision without first obtaining additional medical records pertaining to Dominisha's treatment, which he promised to do. The record belies this complaint. The record reflects that the ALJ did, in fact, order and obtain additional records from the health care providers. Before rendering a written decision, the ALJ sent the new records to the medical expert who testified at Dominisha's hearing and requested that she reassess the child's condition in light of the new medical evidence. The ALJ's decision relies, in part, on the expert's updated assessment. The ALJ did that which he said he would do.

The trial court declined to consider purportedly new medical evidence which Harris attached to her motion for summary judgment. We do likewise.

## III.

Harris has filed a motion to strike the order of the clerk of court granting the Commissioner's motion for leave to file an appellate brief out of time. The Commissioner was forced to file this motion as a result of Harris' failure to serve either the United States Attorney or counsel for the Commissioner with a copy of her appellate brief. The motion to strike is DENIED.

The judgment appealed is AFFIRMED.

---

[37]**Warncke v. Harris**, 619 F.2d 412 (5th Cir. 1980) (concluding that remand to Secretary for rehearing in light of new regulations was unnecessary because the ALJ's findings were consistent with criteria in new regulations).