IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20854
Summary Calendar
_____

LEON WESLEY, a child by
Paula Wesley, His Mother,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER
OF THE UNITED STATES SOCIAL
SECURITY ADMINISTRATION,

Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3613
- - - - - - - - - - -
July 18, 2000

Before EMILIO M. GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Leon Wesley appeals the district court's summary judgment affirming the Commissioner's decision denying supplemental security income under 42 U.S.C. § 405(g). Wesley argues that his lack of academic development, low IQ, obesity, inadequate social functioning, and inadequate personal functioning and concentration reflect his disability. Wesley argues that the merger of cognitive and communicative areas of functioning into a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

single area of functioning violates the Equal Protection Clause and that a remand is required because he did not effectively waive his right to counsel, the hearing was brief, and additional witnesses and documents were available.

The Commissioner's decision is supported by substantial evidence. Harris v. Apfel, 209 F.3d 413, 417 (5th Cir. 2000). Wesley has not shown that the "merger" was an arbitrary classification utterly lacking in rational justification and not rationally related to legitimate goals. Weinberger v. Salfi, 422 U.S. 749, 768-69 (1975). Wesley is not entitled to a remand. He has failed to show any prejudice from the lack of counsel, the shortness of the hearing, or the manner in which the administrative law judge questioned Wesley's mother because the additional information is cumulative or immaterial, and it would not have led to a different conclusion. Haywood v. Sullivan, 888 F.2d at 1463, 1471 (5th Cir. 1989); Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir. 1981). Accordingly, the judgment of the district court is AFFIRMED.