IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40555
Summary Calendar
_____

IDELLA HERRON,
On behalf of Lavon M. Crane,

Plaintiff-Appellant,

versus

WILLIAM A. HALTER,
ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-98-CV-19
--------------------
February 23, 2001.

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Idella Herron, on behalf of her minor son Lavon M. Crane, appeals the district court's judgment affirming a final decision of the Commissioner of Social Security. First, she argues that the district court should have remanded this case back to the Commissioner so that it could be considered under the new standard for child disability. Because substantial evidence supports the Commissioner's decision under the old standard, the Commissioner's decision is consistent with the sterner new

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard, and a remand is unnecessary.[1]  See Harris v. Apfel, 209 F.3d 413, 419 (5th Cir. 2000).

Herron next argues that the administrative law judge (ALJ) failed to develop the record adequately.  As the Commissioner points out, even if it is assumed arguendo that the ALJ failed to develop the record adequately, Herron has not shown that further development of the record would have yielded any additional evidence that could have changed the result.  See Brock v. Chater, 84 F.3d 726, 728-29 (5th Cir. 1996).  Because Herron has failed to demonstrate the requisite prejudice, her claim is unavailing.  See id.

Finally, Herron argues that the ALJ, contrary to Social Security Ruling (SSR) 96-7p, failed to assess the credibility of the witnesses who testified at the hearing and failed to "articulate all the reasons for a credibility determination relative to all of the claimant's complaints."  A review of the ALJ's written decision, however, belies Herron's assertion.  In her decision, the ALJ summarized the testimony of the witnesses and explicitly stated that she had considered all the evidence and testimony in reaching a decision.  She chose not to credit testimony indicating that Lavon's concentration and hyperactivity problems were disabling, stating that such testimony could not "be found as fact."  The ALJ noted that such testimony was not

---

[1]  Although Herron acknowledges our decision in Harris, she maintains that the portion of that decision which seemingly forecloses her claim is dicta.  Herron is incorrect.  The relevant portion of Harris is actually an alternative holding made in response to an unclear argument by a pro se party.  See 209 F.3d at 418-19.

supported by the medical evidence of record, which the ALJ detailed prior to the credibility determination and summarized afterwards. Given these statements, Herron has not shown that the ALJ's decision was inconsistent either with SSR 96-7p or Fifth Circuit precedent. See SSR 96-7p, 1996 WL 374186 (1996); Scharlow v. Schweiker, 655 F.2d 645, 648-49 (5th Cir. 1981); see also Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994)(stating that ALJ need not "follow formalistic rules" in rejecting a claimant's complaints of pain).

AFFIRMED.