**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-50430
Summary Calendar**
_____

**DANIEL T. MADIS,**

**Plaintiff-Appellant,**

**versus**

**LARRY G. MASSANARI, ACTING COMMISSIONER OF SOCIAL SECURITY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(W-00-CV-27)**
_____

November 5, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Daniel T. Madis appeals the affirmance of the Commissioner of Social Security's denial of his application for disability insurance benefits under 42 U.S.C. § 405. "Judicial review of the Commissioner's decision to deny benefits 'is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied.'" *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)(quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). Accordingly, we "must affirm the Commissioner's determination unless this court finds that 1) the

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ALJ applied an incorrect legal standard, or 2) that the ALJ's determination is not supported by substantial evidence". *Id*.

Madis contends that there was not substantial evidence to support the conclusion of the administrative law judge (ALJ) that he did not suffer a disabling psychological infirmity. Although Madis notes various physical injuries resulting from two assaults, he does not challenge on appeal the conclusion that his physical injuries had healed and did not qualify as disabling. Any such contention is therefore deemed abandoned. *See **Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987).

Next, Madis maintains that the ALJ erred in determining his psychological anxiety-related problems were not disabling. Many of Madis' more severe antisocial problems had been alleviated by treatment and medication in the past. A medical impairment that can be reasonably controlled by medication or treatment is not disabling. ***Johnson v. Bowen***, 864 F.2d 340, 346 (5th Cir. 1988).

Madis also asserts that, because he had undergone only one psychological analysis, the ALJ should have ordered additional testing. He provides no support for this assertion. He contends also that the ALJ should have had a medical expert at the hearing to analyze the relevance of the psychological information in his medical records. Although an ALJ may ask for the opinion of a medical expert at a hearing, it is not mandatory. *See* 20 C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(2)(iii). Madis has failed to show that the ALJ's interpretation of his medical records was inaccurate.

2

Madis next contends that the ALJ's hypothetical to the vocational expert was incomplete because it did not include his anxiety-based disorders that prevented any contact with society. A hypothetical is appropriate if it reasonably incorporates all of the disabilities recognized by the ALJ and if the claimant may supplement the hypothetical with additional information to correct any deficiencies in the hypothetical. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). The hypothetical included the infirmities recognized by the ALJ, and Madis' counsel had an opportunity to supplement the hypothetical at the evidentiary hearing. Because Madis' antisocial tendencies were treatable with medication, they did not constitute a disability that should have been included. *See Johnson*, 864 F.2d at 346.

Finally, to the extent Madis contends the ALJ determined improperly that Madis could perform other jobs existing in significant number in the economy, the ALJ properly relied upon the testimony of the vocational expert that established that such work was available and that Madis could perform it. *See Morris v. Bowen*, 864 F.2d 333, 335-36 (5th Cir. 1988)(ALJ may rely upon testimony of vocational expert "in order to determine the nature of [a claimant's] disability and the availability of jobs to someone with such a disability").

*AFFIRMED*

3