IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40420
Summary Calendar
_____


CAROLYN D. JOHNSON, JOHNSON FAMILY,
RICHARD J. JOHNSON,

                                        Plaintiffs-Appellants,

versus

LUFKIN DAILY NEWS; ANGELINA COUNTY
SHERIFF OFFICE; CHRISTINE S. DIMOND;
ERNEST MURRY, Editor - Lufkin Daily News;
CLAIR WILLIAMS, Staff Writer; EAST TEXAS
NEWS CHANNEL 9 COX CONN; JOHN DAVIS, Lufkin
Police Detective in his personal capacity;
KENT HENSON, Sheriff, in his personal capacity;
DAVID LAGRONE, Angelina County Adult
Probationer; ODELL MOSELY, Angelina County
Adult Probationer; JOHN SAPP, Inmate,
Parolee & Probationer; DANNY TRAHAN,
Maintenance Man - Azalea Trails Apartments;
STEVE DILLON, Auto Zone Employee; MIKE LAZARINE,
Deputy Jailer; UNIDENTIFIED PROBATION OFFICER;
JOHN ROSS KAY; RHONDA SALLIE; ALBERT CHARANZA,
District Attorney Angelina County,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:01-CV-223
--------------------
September 17, 2002

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Richard J. Johnson, Texas prisoner # 1005689, appeals the dismissal of his 42 U.S.C. § 1983 civil rights lawsuit as frivolous or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). Johnson contends that the district court erred in dismissing the claims he raised on behalf of his wife, Carolyn, and her minor child, Onita Brown, because he acted as "pro se counsel in charge" for the entire family. The dismissal of the claims was proper because Johnson could not proceed pro se in this civil action on behalf of anyone other than himself. See 28 U.S.C. § 1654; Gonzales v. Wyatt, 157 F.3d 1016, 1020-22 (5th Cir. 1998); see also Harris v. Apfel, 209 F.3d 413, 414 & n.3 & n.9 (5th Cir. 2000)(and cases cited therein).

Regarding his own claims, Johnson renews only his argument that prison officials fabricated the escape for which he was ultimately convicted and that various members of the media defamed him. The other claims Johnson raised in his original and amended complaints are therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned).

As the district court concluded, the claims against the prison officials are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Johnson's state-law tort claims against the private media defendants are not cognizable in a § 1983 suit. See Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 924, 928-32

(1982); <u>see</u> <u>also</u> <u>Levitt v. Univ. of Texas at El Paso</u>, 759 F.2d 1224, 1230 (5th Cir. 1985).

Johnson has not demonstrated any error in the district court's judgment.  Accordingly, the judgment is AFFIRMED.