IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-10527
_____

ANNA A. RIVERA,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social Security

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-171-C
_____

March 12, 2003

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Anna Rivera appeals the district court's affirmance of the Commissioner's determination that she is not entitled to disability insurance benefits. Rivera's hypertension, hip and leg pain, and glaucoma did not meet the requirements of any listed impairment. A vocational expert testified and the administrative law judge (ALJ) found that while Rivera could not perform her past work, she retained the functional capacity to perform light work available in the national economy, specifically work as a silver wrapper, cloth

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

folder and folding machine operator.  Rivera argues the determination that she had the residual functional capacity to do other work is not supported by substantial evidence because the hypothetical question posed to the vocational expert did not include the glaucoma which she alleged in her written submissions. She argues that because the ALJ explicitly found that her glaucoma was a severe impairment, he was required to include a visual limitation description in his hypothetical.  We affirm.

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied.  Harris v. Apfel, 209 F.3d 413, 417 (5th Cir. 2000).  A finding of no substantial evidence is appropriate only where no credible evidence or medical findings support the decision.  Id.  This court will not re-weigh the evidence or substitute its judgment for that of the Commissioner.  Id.

An ALJ may properly rely on the testimony of a vocational expert in determining that a claimant can perform other work if the hypothetical posed to the vocational expert incorporates reasonably all disabilities recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical.  Boyd v. Apfel, 239 F.3d 698, 706-07 (5th Cir. 2001).  Rivera argues that the

2

vocational expert's testimony was not reliable because it did not include any limitations caused by her glaucoma. Although Rivera has a slight impairment in far acuity and an unspecified field loss due to glaucoma, which the ALJ acknowledged, there is no testimony or medical evidence that the glaucoma caused limitations on her ability to work. When questioned as to what caused her to be unable to work, Rivera did not mention her glaucoma. Rivera was given an opportunity to cross-examine the vocational expert and introduce visual limitations into the hypothetical. Her cross-examination did not include any references to her glaucoma or to the fact that the hypothetical should have contained a visual limitation.

Rivera argues that despite her failure to set forth testimony concerning her glaucoma at the hearing, the ALJ bore a responsibility to fully and fairly develop the record concerning the glaucoma. She argues that because the ALJ found her glaucoma to be a severe impairment, a residual functional capacity finding which included no visual limitations was "patently self-contradictory." Rivera's argument fails, however, because "not all 'severe' impairments are disabling." Harrell v. Bowen, 862 F.2d 471, 479 (5th Cir. 1988); Shipley v. Secretary, 812 F.2d 934, 935 (5th Cir. 1987). Moreover, although the ALJ has a duty to fully develop the facts, the claimant has the burden of proving his disability. Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995).

Rivera did not meet that burden. The determination that Rivera retains the ability to do light work is supported by the credible testimony of the vocational expert and the medical evidence.

Even if the ALJ had erred in not including a visual limitation in the hypothetical, this court will not reverse the ALJ's decision for failure to fully and fairly develop the record unless Rivera can show that she was prejudiced by such error. See Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000). To establish prejudice, Rivera must demonstrate that she could and would have adduced evidence that might have altered the result. Id. The vocational expert testified that Rivera could perform work as a silver wrapper or folding machine operator. Neither of these jobs requires far acuity, depth perception, color vision, or field of vision. There is no evidence in the record that Rivera's glaucoma would affect her ability to perform these jobs. Given the record before the court, Rivera has not shown that she was prejudiced by the ALJ's failure to include a visual limitation in his hypothetical.

For the foregoing reasons the judgment below is

AFFIRMED.

4