**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 16, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-21117
Summary Calendar

———————————————

LINDA MCKINNEY,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1614

———————————————

Before GARWOOD, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Linda McKinney appeals the district court's summary judgment
affirming the denial of her application for Social Security
disability benefits.

McKinney, represented by counsel before the district court and

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on this appeal, argues that she did not knowingly and intelligently waive her right to be represented by counsel at her administrative hearing; that she was prejudiced by the lack of counsel at her hearing; that the administrative law judge's (ALJ) determination of her mental impairments was not supported by substantial evidence; and that the ALJ failed to consider the side effects of her medication, Xanax.

This court reviews the Social Security Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

Even assuming, *arguendo* only, McKinney did not knowingly and intelligently waive her right to be represented by counsel at her administrative hearing, she has not shown that she was prejudiced by her lack of counsel.[1] *See Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003); *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981). Specifically, she has not pointed to or adduced evidence that would have been adduced by counsel and that could have changed the outcome of her hearing. *Id*.

McKinney is incorrect that the ALJ's determination of her

---

[1]The magistrate judge, whose report and recommendation the district court adopted, determined that McKinney had been adequately advised of her right to counsel at the hearing before the ALJ and had knowingly and intelligently waived that right, and that even if she had not so waived it she had failed to show any prejudice from the absence of counsel.

limitations on her ability to work were not based on clinical findings as he stated his determination of her residual functioning capacity was based upon, *inter alia*, the reports of Dr. Larson and, to a lesser extent, Dr. Lehman.

In addition, contrary to McKinney's assertions, the record does not indicate that the ALJ failed to fully develop the record with respect to the side effects of her taking Xanax or in developing the hypothetical questions regarding her residual functional capacity to the vocational expert. *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). McKinney's own testimony established that she did not take Xanax during the day and that she did not nap during the day. Moreover, after hearing the ALJ's hypothetical concerning residual functional capacity for McKinney, which included the limitations, among others, that her employment not involve work around unprotected heights or moving or dangerous machinery or with unplanned or unscheduled events or more than occasional relation to the public, the vocational expert stated that McKinney could perform certain light or sedentary jobs, which included the stated limitation.

Finally, McKinney argues that the ALJ's determination of her mental impairments is not supported by substantial evidence because he failed to consider under 20 C.F.R. § 404.1545(c) whether a limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out

3

instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, might reduce her ability to do past work and other work. The ALJ, however, specifically stated that his determination of McKinney's RFC was based in part on the report of Dr. Larson, which addressed these potential limitations.

As McKinney has failed to show that the ALJ's decision was not based on the proper legal standards or that it was not supported by substantial evidence, *Harris v. Apfel*, 209 F.3d at 417, the district court's judgment is

AFFIRMED.