IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-51161
Summary Calendar

DENISE E SMITH

Plaintiff-Appellant

V.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-cv-439

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Denise Smith ("Smith") appeals the district court's approval of the decision of an administrative law judge ("ALJ") that she is ineligible to receive supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. §§ 1381-1381c. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Smith filed applications for SSI and disability insurance benefits ("DIB") on October 23, 2002. She claimed that she suffered from various ailments, including Hepatitis C, acute stress, panic disorder, and bipolar disorder. In August 2004, an ALJ ruled that Smith was ineligible to receive either type of disability benefit. Smith appealed, and based on errors not germane to this appeal, the Appeals Council of the Commissioner of the Social Security Administration (the "Commissioner") remanded her application for SSI benefits for another hearing and decision. However, the Appeals Council declined to review her application for DIB benefits, and Smith did not appeal that denial. As such, on remand, the ALJ considered only her request for SSI benefits, and her request for DIB benefits is not subject to this appeal.

On remand, the ALJ issued a new ruling, again finding that Smith was ineligible for SSI benefits. Specifically, the ALJ found that although Smith suffered from bipolar disorder, anxiety disorder, a personality disorder, and polysubstance abuse, her substance abuse was a "contributing factor material to the determination of disability." Therefore, based on her substance abuse, the ALJ concluded that Smith was not entitled to receive SSI benefits. Smith appealed, and the Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. Smith then filed suit in federal court, seeking a review of the Commissioner's final decision that she is ineligible for SSI benefits. The district court referred the case to a magistrate judge, who filed a Report and Recommendation detailing the relevant medical evidence and recommending that the court affirm the Commissioner's decision. After Smith filed objections to the Report and Recommendation, the district court conducted a de novo review of the record and agreed with the magistrate judge's Report and Recommendation. Therefore, the district court issued a final order affirming the Commissioner's decision. Smith appeals to this court. We

have jurisdiction over the district court's final judgment pursuant to 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

Our review of the Commissioner's final decision that a claimant is ineligible to receive disability benefits is limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standard. See Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is "more than a mere scintilla and less than a preponderance." Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995) (citing Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993)). Moreover, we may not reweigh the evidence or substitute our own judgment for that of the Commissioner. See Harris v. Apfel, 209 F.3d 413, 417 (5th Cir. 2000).

## III. DISCUSSION

To be entitled to receive SSI benefits, a claimant must show that she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must undertake a five-step evaluation process to determine if a claimant is disabled. See 20 C.F.R. §§ 404.1520(a)(4), 416.920. The five steps entail an inquiry into whether (1) the claimant is presently performing substantial gainful activity, (2) the claimant has a severe impairment, (3) the impairment meets or equals a listed impairment in Appendix 1 of the regulations, (4) the impairment prevents the claimant from doing past relevant work, and (5) the impairment prevents the claimant from performing any other substantial gainful activity. Id. § 404.1520(b)-(e); see also

Boyd v. Apfel, 239 F.3d 698, 704-05 (5th Cir. 2001). The burden is on the claimant for the first four steps and the Commissioner for the last step. See Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." Boyd, 239 F.3d at 705 (internal quotation marks omitted).

If the ALJ determines that a claimant is disabled but there is medical evidence in the record of drug addiction or alcoholism, the ALJ must determine whether that substance abuse is a "contributing factor material to the determination of disability." 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 404.1535(a). If it is, then the claimant is not considered disabled and is ineligible to receive benefits. 42 U.S.C. § 1382c(a)(3)(J). If the ALJ finds that a claimant's "remaining limitations would not be disabling, [the ALJ] will find that [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(b)(2)(i). In contrast, drug addiction or alcoholism is not a "contributing factor material to the determination of disability" if the claimant still would be disabled even if the person stopped using drugs or alcohol. Id. § 404.1535(b)(1). The claimant "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to her disability." Brown v. Apfel, 192 F.3d 492, 498 (5th Cir. 1999).

Here, the ALJ found under step one that Smith is not presently performing substantial gainful activity, under step two that her ailments are "severe," and under step three that Smith has experienced symptoms that would meet the criteria of at least one listed impairment from Appendix 1 of the regulations.[1] Thus, the ALJ found that Smith was disabled. However, the ALJ

_____

[1] In his "findings," the ALJ stated that Smith's impairments were not severe (suggesting that he ended his inquiry at step two), but in his "evaluation of the evidence" the ALJ noted that "[t]his evidence indicates that [Smith] has bipolar disorder, anxiety, and a personality disorder, which would be considered to be 'severe' as defined in the Social Security

also found that her substance abuse was a contributing factor material to a finding of disability. Therefore, under 42 U.S.C. § 1382c(a)(3)(J), Smith was ineligible to receive disability benefits.

On appeal, Smith challenges the ALJ's findings, arguing that he did not give enough weight to the reports of her physicians; one of Smith's treating doctors, as well as a consulting psychologist, had stated that Smith had stopped using drugs and still suffered various mental impairments, and that the drugs and alcohol had not caused her symptoms. However, the ALJ's written opinion demonstrates that the ALJ carefully considered the reports of all of the doctors and discounted the statements from Smith's physicians as "inconsistent with [Smith's] medical history." Indeed, the record reveals that Smith admitted using drugs on several occasions even though her medical reports from those time periods did not mention any drug use. The ALJ also noted that Smith admitted that she had "learned not to tell doctors that she is an addict" and had attempted to keep any mention of illegal drug use out of her records because she was trying to regain custody of her children. As we have stated previously, "[t]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (internal quotation marks omitted). Here, the record is replete with evidence that Smith's drug use continued even after she filed for disability benefits, and the ALJ acted within his discretion in discounting Smith's doctors' statements to the contrary. That is, the ALJ properly weighed all of the medical evidence and considered each report in conjunction with the rest of the evidence, adequately explaining why he rejected the conclusions of some of the medical reports. Therefore, substantial evidence supports the ALJ's decision that Smith did not meet her

---

Act and Regulations, and suggests that [Smith] has experienced symptoms that would meet the criteria set forth in [Appendix 1]." Thus, Smith's assertion that the ALJ improperly failed to consider step three is without merit.

burden of showing that her drug use was not a contributing factor material to the finding of disability.

Smith also argues that the ALJ applied the wrong legal standard because he failed to comply with the Appeals Council's remand order. Although it is difficult to discern Smith's precise argument from her brief, a review of the record demonstrates that the ALJ followed the Appeals Council's directives. The Appeals Council instructed the ALJ to apply the five-step evaluation process and determine if Smith was disabled, and if so, whether her drug and alcohol abuse were contributing factors. This is exactly what the ALJ did. Contrary to Smith's suggestion, there was no need for the ALJ to conduct any further inquiries after he found that Smith's drug use precluded her from obtaining benefits.

The remainder of Smith's arguments on appeal amount to conclusory statements that the ALJ failed to consider Smith's mental impairments or improperly valued certain medical reports over others. As stated above, these arguments are without merit. The ALJ undertook a thorough review of all of the evidence. The medical evidence showed that Smith did not meet her burden of demonstrating that her drug use was not a contributing factor material to her disabilities. Therefore, we AFFIRM the ruling of the district court.

AFFIRMED.