FILED
United States Court of Appeals
Tenth Circuit

November 1, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LACAUNA ADAMS, on behalf of
D.J.W., a minor child,

  Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

  Defendant-Appellee.

No. 11-7026

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 6:10-CV-00049-FHS-KEW)**

Submitted on the briefs:[*]

Lacauna Adams, on behalf of D.J.W., a minor child, Pro Se.

Mark F. Green, United States Attorney, Michael McGaughran, Regional Chief
Counsel, Region VI, J. Ricardo Hernandez, Special Assistant United States
Attorney, Office of the General Counsel, Region VI, Social Security
Administration, Dallas, Texas, for Defendant-Appellee.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

_____

**KELLY**, Circuit Judge.

_____

Lacauna Adams, on behalf of her minor son D.J.W., appears pro se seeking review of the district court's judgment affirming the Social Security Commissioner's denial of D.J.W.'s application for Supplemental Security Income (SSI) benefits. Although neither side raises the issue, we conclude, for the reasons set forth below, that Ms. Adams may proceed pro se on behalf of her minor child to challenge in federal court the administrative denial of SSI benefits, but we affirm the Commissioner's denial of those benefits.

**I.**

On December 7, 2006, Ms. Adams filed an application for SSI benefits on behalf of her son, who was five at the time. In it she alleged he became disabled in 2004 due to asthma. The agency denied the application initially and on reconsideration.

In November 2008, D.J.W. received a de novo hearing before an ALJ, at which he and his mother appeared with the assistance of a non-attorney representative. In September 2009, following the submission of additional evidence, a brief supplemental hearing was held, at which D.J.W. and his mother again appeared with the assistance of a non-attorney representative.

On December 7, 2009, the ALJ issued a decision denying benefits at step three of the three-step sequential evaluation process for determining whether a child is disabled within the meaning of 42 U.S.C. § 1382c(a)(3)(C). *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001) (describing three-step process); 20 C.F.R. § 416.924 (same). The ALJ found (1) D.J.W. had not engaged in substantial gainful activity since the filing of his application, (2) his asthma, history of tonsillectomy, and history of bilateral pressure equalization tubes are severe impairments, but (3) he did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or Listing(s)). *See* 20 C.F.R. § 416.925 (explaining Listings); *id.* § 416.926 (explaining medical equivalence); *id.* § 416.926a (explaining functional equivalence).

More specifically, at step three the ALJ considered whether D.J.W.'s combination of severe impairments met or medically equaled Listings sections 102.00 (Special Senses and Speech-Childhood), or 103.00 (Respiratory System-Childhood), and concluded that they did not. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, §§ 102.00, 103.00. The ALJ also evaluated whether D.J.W.'s combination of severe impairments functionally equaled a listing, determined that he did not have a limitation in any of the applicable six domains, 20 C.F.R. § 416.926a(g)-(l), and therefore concluded that he did not have an impairment or

-3-

combination of impairments that resulted "in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain," *id.* § 416.926a(a).

The Appeals Council denied Ms. Adams's request for "review, making the ALJ's decision the Commissioner's final decision for [purposes of] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Ms. Adams, who is not an attorney, then sought judicial review on behalf of her son. The district court adopted the magistrate judge's report and recommendation, rejected Ms. Adams's objections to the report and recommendation, and affirmed the Commissioner's denial of benefits. This appeal followed.

## II.

The Commissioner did not challenge Ms. Adams's pro se representation of her minor son in the district court and does not challenge it in this court. But before reaching the merits of this appeal, we must satisfy ourselves that Ms. Adams has standing—which requires us to decide whether a non-attorney parent may proceed pro se on behalf of her minor child to challenge in federal court the administrative denial of SSI benefits. *See Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) ("The prudential standing doctrine encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights. The plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (citation omitted)

-4-

(brackets omitted) (internal quotation marks omitted); *see also Machadio v. Apfel*, 276 F.3d 103, 105-06 (2d Cir. 2002) (considering, sua sponte, non-attorney parent's representation of minor child); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Penn.*, 937 F.2d 876, 883 (3d Cir. 1991) (observing that parties' failure to bring to the district court's attention the absence of counsel to represent minor children did not waive the issue; "the parent cannot waive this right").

The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. "[B]ecause *pro se* means to appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;]" rather, a "person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). "Thus, the threshold question becomes whether a given matter is plaintiff's own case or one that belongs to another." *Id.*

In this circuit, we have held "that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam); *see also Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) (citing *Meeker* with approval). Indeed, most of the circuit courts have held "that non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases); *see also United States v.*

*Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) (observing, in a criminal case, that a "non-lawyer parent [is] barred from representing [her] minor children in federal court"); *cf. Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) (explicitly not reaching issue of whether the Individuals with Disabilities Education Act "entitles [non-attorney] parents to litigate their child's claims *pro se*"). The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court "is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (internal quotation marks omitted); *Tindall ex rel. Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (same). The general rule, however, "is not ironclad." *Elustra*, 595 F.3d at 705.

In *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000), the Fifth Circuit held that a non-attorney parent may proceed pro se in federal court on behalf of his or her minor child to challenge the denial of SSI benefits. In reaching this determination it observed that the general rule "is inapplicable in the context of appeals from administrative denials of SSI benefits because the reasons for the general rule do not apply to such appeals." *Id.* at 416.

> First, in SSI cases, a minor child living in a low-income family
> usually cannot exercise the right to appeal *except* through a parent or
> guardian. Second, the minor's rights can be fully protected in SSI
> cases without legal counsel[] [because] the reviewing court must
> examine the record to determine if all of the relevant facts [were]

> sufficiently developed and considered. Third, SSI appeals are not subject to abuse because the proceeding only involves the appeal from the denial of monetary benefits and the review of an administrative record.

*Id.* (emphasis added) (footnote omitted) (internal quotation marks omitted). The Fifth Circuit also pointed to the alignment of interests between the parent and his or her child in SSI cases, explaining that the child's qualification for benefits impacts the parent's responsibility for expenses associated with the child's condition and, as such, the parent has a personal stake in the SSI litigation. *See id.* Thus, the Fifth Circuit concluded "that policy considerations compel[led its] holding that a non-attorney parent be permitted to sustain a *pro se* action on behalf of a minor child in SSI appeals." *Id.* at 417.

Thereafter, the Second Circuit held that where a district court determines that a non-attorney parent bringing a SSI appeal on behalf of his or her minor child "has a sufficient interest in the case and meets basic standards of competence," the parent may proceed in federal court without representation by an attorney. *Machadio*, 276 F.3d at 107. In support, the Second Circuit observed that under the applicable regulations the interests of the plaintiff-parent and his or her minor child are "closely intertwined," explaining that when an individual under the age of eighteen is entitled to SSI benefits, the Commissioner pays benefits "to a representative payee," 20 C.F.R. § 416.610(b), and that "a natural or adoptive parent who has custody of the beneficiary" is a preferred

"representative payee," *id.* § 416.621(b)(1).  Thus, while SSI payments are for the

minor child's benefit, the parent has a "significant interest" in the litigation's

outcome since the child's qualification for benefits will directly impact the

parent's ability to meet the expenses flowing from the child's alleged disability.

*Machadio*, 276 F.3d at 106.  Further, if the minor child qualifies for benefits, the

parent's "limited resources" may be reallocated "for other living expenses."  *Id.*

at 107.  The Second Circuit also noted that non-attorneys who meet the standards

in 20 C.F.R. § 416.1505 are allowed to represent a claimant in administrative

proceedings, "reflecting a view that such proceedings do not necessarily present

the complexities present in other kinds of actions."  *Machadio*, 276 F.3d at 107;

*see also Harris*, 209 F.3d at 416 (observing that SSI appeals involve "the appeal

from the denial of monetary benefits and the review of an administrative

record[;]" they are proceedings that "do not involve the subjective criteria and

range of fact-finding that are characteristic of the . . . cases that led to the

[general] rule") (internal quotation marks omitted)).  Finally, in *Machadio* the

Second Circuit determined from record that the plaintiff met the basic standard of

competence, and that is apparent in this case also.  276 F.3d at 108.

        We are persuaded by the analyses in *Harris* and *Machadio*, and agree with

the Fifth Circuit "that prohibiting non-attorney parents from proceeding *pro se* in

appeals from administrative SSI decisions, on behalf of a minor child, would

jeopardize seriously the child's statutory right to judicial review under

[42 U.S.C.] § 405(g)." *Harris*, 209 F.3d at 417; *see Machadio*, 276 F.3d at 107 (observing that parents of children seeking SSI benefits "will rarely be able to hire counsel due to the stringent family income limitations to which the award of SSI benefits are subject"); *Iannaccone*, 142 F.3d at 556-57 ("[C]ivil litigants unable to afford counsel cannot ordinarily obtain appointment of counsel, except in circumstances when there is a risk of loss of liberty . . . ."). Accordingly, we hold that Ms. Adams is properly before this court in her pro se appeal on behalf of D.J.W. Had the parent not been competent, i.e. did not meet the standards set forth in 20 C.F.R. Sec. 416.1505, counsel would be required for the matter to proceed in federal court.

### III.

"We independently review the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence." *Krauser*, 638 F.3d at 1326. "[B]ut we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008).

On appeal, Ms. Adams raises two issues.[1] First, she argues the ALJ should have found D.J.W.'s asthma "medically equivalent" to Listing § 3.00 (Respiratory System-Adulthood), which includes Listing § 3.03 (Asthma-Adulthood), because

---

[1] Because Ms. Adams is proceeding pro se, "we liberally construe [her] brief." *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

asthma has the same or similar impact on adults and children and can "cause death." Aplt. Br. at 6, 8-9. Ms. Adams's argument is misplaced.

We begin by noting that the Listings include two parts: Part A contains criteria applicable to persons age eighteen and over (and which may be applied to those under eighteen if the disease processes have similar effects in both adults and children), while Part B contains criteria that is applicable only to those under the age of eighteen. 20 C.F.R. § 416.925(b). A claim asserted by an individual under the age of eighteen is first evaluated to determine whether the claimant has an impairment listed in Part B. *Id.* § 416.925(b)(2)(i). "If the criteria in Part B do not apply, [the adjudicator] *may* use the criteria in part A when those criteria give appropriate consideration to the effects of the impairment(s) in children." *Id.* (emphasis added).

In this case, the ALJ considered D.J.W.'s asthma under the criteria applicable to children: Listing § 103.00 (Respiratory System-Childhood), which includes § 103.03 (Asthma-Childhood). 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, §§ 103.00, 103.03. Under § 103.03, a child may be found disabled due to asthma under four different criteria. *Id.* § 103.03A-D. The ALJ found that despite D.J.W.'s impairments, the medical evidence did "not document listing-level severity, and no acceptable medical source ha[d] mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." Supp. R. at 12. Having meticulously reviewed the medical record,

-10-

we hold that this conclusion is free from legal error and supported by substantial evidence. Further, the ALJ was under no obligation to apply the criteria in Listing sections 3.00 or 3.03, since the criteria in Part B were applicable. Even if the Part B criteria had not applied, it is discretionary whether the adjudicator applies Part A criteria to a child. *See* 20 C.F.R. § 416.925(b)(2)(i).[2] Additionally, we reject Ms. Adams's contention that her son's diagnosis of asthma is disabling because it can cause death. The record evidence does not support the suggestion that D.J.W.'s asthma was potentially life-threatening; moreover, a claimant "cannot meet the criteria of a listing based only on a diagnosis," 20 C.F.R. § 416.925(d).

The second issue Ms. Adams raises on appeal, as best we can discern, is that the ALJ's credibility determination is not supported by substantial evidence. *See* Aplt. Br. at 4, 7. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence" in the record, provided the determinations are "closely and

---

[2]     As previously mentioned, a child may be found disabled due to asthma under four different criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, § 103.03A-D. Out of an abundance of caution, we considered Listing § 3.03 (Asthma-Adulthood), where an adult may be found disabled due to asthma under *two* criteria. *Id.* Pt. A, § 3.03A-B. One of the two criteria is listed *in the childhood criteria* that the ALJ explicitly considered. *Compare id.* Pt. A, § 3.03B, *with id.* Pt. B, § 103.03B. That leaves us with one criteria pertaining to adults, concerning "[c]hronic asthmatic bronchitis," *id.* Pt. A, § 3.03A, a condition not mentioned in D.J.W.'s medical record.

affirmatively linked to [that] evidence." *Cowan*, 552 F.3d at 1190 (internal quotation marks omitted).

Here, the ALJ found the testimony of D.J.W. and his mother credible, but rejected the ultimate claim that D.J.W. was disabled within the meaning of 42 U.S.C. § 1382c(a)(3)(C) because "the allegations regarding the intensity, duration, and limiting effects of [his] severe impairments and symptoms" were undercut by his and his mother's reports of "relatively normal physical and mental activities with very little limitation." Supp. R. at 14. This determination is affirmatively linked to substantial evidence in the record; namely hearing testimony—consistent with other evidence of record—that D.J.W. gets good grades, is allowed to run and play basketball at school, is not in any special education classes, does not require any special accommodations, gets along with his siblings, and had not missed much school. *Id.* at 13-14.

## IV.

The judgment of the district court is AFFIRMED.[3]

---

[3] To the extent Ms. Adams argues, at pages seven through eight of her brief, that the district court's use of the term "per se" is objectionable, her argument lacks legal merit.