FILED
United States Court of Appeals
Tenth Circuit

October 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EPIAH BHOMENGO,

      Plaintiff - Appellant,

v.

HOSPITAL SHARED SERVICES, INC.,
a/k/a HSS, Inc.,

      Defendant - Appellee.

No. 13-1226
(D.C. No. 1:12-CV-02496-REB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Plaintiff-Appellant Epiah Bhomengo, proceeding pro se,[1] appeals the dismissal of

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Ms. Bhomengo's pro se filings. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1302 n. 1 (10th Cir. 2011). But we may not "assume the role of advocate" and make her arguments for her. *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) (quotation omitted).

her Title VII claim against Defendant-Appellee Hospital Shared Services, Inc. ("HSS").

Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss Ms. Bhomengo's appeal.

I. **BACKGROUND**

Ms. Bhomengo was terminated from her employment at HSS on September 20, 2011. In November 2011, she filed through counsel a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting that the reason given by HHS for her termination was false, and that she was a victim of discrimination in violation of Title VII of the Civil Rights Act.

The EEOC sent Ms. Bhomengo's attorney a notice of Ms. Bhomengo's right to sue HSS by filing a complaint within 90 days of receipt of the letter. Ms. Bhomengo missed that deadline; she filed a complaint in federal district court without the assistance of counsel 91 days after the letter's date of receipt. HSS moved to dismiss the complaint as untimely.

A new attorney represented Ms. Bhomengo on the motion to dismiss. A magistrate judge recommended that HSS's motion to dismiss be granted. The magistrate's recommendation included a notice, written in bold print, that failure to file specific objections to the recommendation within 14 days of service "waives appellate review of both factual and legal questions."[2] ROA at 81. Despite this notice, Ms. Bhomengo's lawyer did not object to the recommendation.

___

[2] The full text of the notice included in the magistrate's recommendation states:

Continued . . .

The district court, noting that no objections had been filed to the magistrate's recommendation, entered an order adopting those recommendations and granting the motion to dismiss. Ms. Bhomengo's complaint was dismissed in a separate judgment entered by the court. This appeal followed.

## II. **ANALYSIS**

This court has adopted a "firm waiver rule," which provides that "[t]he failure to timely object to a magistrate's recommendations 'waives appellate review of both factual and legal questions.'" *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). The rule has two exceptions, and Ms. Bhomengo argues that both apply here.

The first exception applies when "the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object." *Talley v. Hesse*, 91 F.3d 1411,

---

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

ROA at 81.

-3-

1412-13 (10th Cir. 1996). This exception does not apply here because the magistrate's recommendation included a notice that failure to object waives appellate review of factual and legal questions. This notice, written in bold print, was sufficient to apprise Ms. Bhomengo of the consequences of a failure to object. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

The second exception to the firm waiver rule arises when the "interests of justice" indicate that the rule should not apply. *Duffield*, 545 F.3d at 1237. Ms. Bhomengo argues that this court should consider the merits of her underlying claim and her attorney's failure to object to the magistrate's recommendation to determine whether the interests of justice should relieve her of waiver.

First, the rule in this circuit is that "in counseled, civil, nonhabeas cases, the merits of the underlying case should not be considered in determining whether the interests of justice exception has been met." *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1200 (10th Cir. 2000). Second, litigants in Title VII cases are not guaranteed effective assistance of counsel under the Sixth Amendment, *Nelson v. Boeing Co.*, 446 F.3d 1118, 1121 (10th Cir. 2006), and the Supreme Court has held in a variety of contexts that civil litigants "must be held accountable for the acts and omissions of their attorneys," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). Consequently, the interests of justice exception to the firm waiver rule does not apply here.

## III.  **CONCLUSION**

The firm waiver rule applies.  Under that rule, Ms. Bhomengo waived her right to appellate review by failing to object to the magistrate's recommendation.  We therefore dismiss her appeal.  Appellant's motion to proceed in forma pauperis is denied.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge