**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 28, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LOUIS MICHAEL ZAMORA,

    Plaintiff - Appellant,

v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

    Defendant - Appellee.

No. 21-1338
(D.C. No. 1:21-CV-01710-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.

_____

Proceeding pro se,[1] Plaintiff-Appellant Louis Michael Zamora appeals the

district court's dismissal of his complaint. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially help determine this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

    [1] We liberally construe Zamora's filings, but we will not serve as his advocate.
*James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## BACKGROUND

In his original complaint, Zamora sued the United States Department of Health and Human Services,[2] apparently asserting a claim under the Federal Tort Claims Act. A magistrate judge concluded that Zamora's complaint did not satisfy Federal Rule of Civil Procedure 8. So it directed him to amend his complaint. Though the magistrate judge gave Zamora several opportunities to amend,[3] his amended complaints remained deficient. Thus, the magistrate judge recommended that the district court dismiss Zamora's last-amended complaint for failing to meet Rule 8's pleading requirements. The recommendation advised Zamora that he had fourteen days to file written objections to the district court and that failure to object may bar him from appealing the magistrate judge's findings. Zamora did not object.

The district court adopted the magistrate judge's recommendation and dismissed the complaint without prejudice. It also denied Zamora's motion to proceed in forma pauperis on appeal, certifying under 28 U.S.C. § 1915(a)(3) that his appeal would not be in good faith. Zamora now appeals.

## DISCUSSION

We first consider whether Zamora has waived his right to appellate review. Our circuit applies a firm-waiver rule. *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116,

---

[2] The original complaint named the Department's paralegal specialist, Heather Hill, as a defendant. But Zamora later dropped her as a named defendant.

[3] In his amended complaints, Zamora named the Department's former secretary, Alex Azar, as a defendant. He also added claims alleging the Department's negligent and wrongful acts of omissions and antitrust violations.

1119 (10th Cir. 2005). Under that rule, a party who fails to timely object to a magistrate judge's recommendations waives appellate review. *Id.* The rule has two exceptions: (1) when a pro se litigant is unadvised that he must object or waive the objection; and (2) when the "interests of justice" require review. *Id.* Factors relevant to the second exception include the party's efforts to comply with the objection requirement, the party's explanation for failing to comply, and the "importance of the issues raised." *Id.* at 1120.

We ordered Zamora to show cause as to why he did not waive his right to appellate review when he failed to object to the magistrate judge's recommendation. He responded by arguing that he did not "recall[] waiving his rights to the appellate review," and he requested appellate review in the "interests of justice." Opening Br. at 3.

Neither exception to the firm-waiver rule fits here. First, Zamora had adequate notice—the magistrate judge's recommendation informed Zamora that he was required to object within fourteen days and that failure to do so may waive appellate review. And second, the "interests of justice" don't require review. Zamora made no effort to challenge the magistrate judge's recommendation, failed to justify that failure, and his appellate brief doesn't raise issues of such importance to overcome these other factors. *See Henderson v. Cargill Packing Plant*, 780 F. App'x 674, 675 (10th Cir. 2019).

Thus, Zamora has waived his right to appellate review. *See Bhomengo v. Hosp. Shared Servs. Inc.*, 543 F. App'x 812, 814 (10th Cir. 2013).

3

## CONCLUSION

Because Zamora has waived his right to appellate review, we dismiss the

appeal. We also deny his motion to proceed in forma pauperis.[4]

                        Entered for the Court


                        Gregory A. Phillips
                        Circuit Judge

---

[4] We deny Zamora's motion to proceed in forma pauperis because he has not shown a reasoned, non-frivolous argument to support his appeal. *See Saleh v. Kimo*, 821 F. App'x 915, 918 (10th Cir. 2020).

4