FILED
United States Court of Appeals
Tenth Circuit

December 6, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AMY KRCHMAR,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 13-5063
(D.C. No. 4:12-CV-00005-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

Amy Krchmar appeals the district court's order affirming the Commissioner's

decision denying her application for disability and supplemental security benefits.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Krchmar, then age 32, applied for disability and supplemental security benefits in 2006, alleging she was unable to work because of migraines, arthritis, bipolar disorder and back pain. The agency denied her application initially and on reconsideration. An administrative law judge (ALJ) conducted a hearing, after which he issued a 20-page decision denying benefits. The ALJ found that Ms. Krchmar (1) had not engaged in substantial gainful activity since June 2006; (2) had severe impairments of degenerative disc disease of the lumbar spine; prior left-knee surgery; obesity; post-traumatic stress disorder; and borderline personality disorder;[1] (3) did not have a physical or mental impairment, or combination of impairments, that met the criteria for presumptive disability; (4) had the residual functional capacity (RFC) to perform sedentary work, limited to simple, repetitive tasks and only incidental contact with the public, and, while she could not return to her past relevant work; she (5) could perform other work that exists in significant number in the economy. Based on these findings, the ALJ concluded Ms. Krchmar was not disabled. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (describing five-step evaluation process). The Appeals Council denied review, and the magistrate judge, sitting by consent, affirmed.

On appeal, Ms. Krchmar argues that the ALJ failed to properly evaluate the medical opinion evidence and her credibility, and that the RFC assessment was not

[1] We will not recite all of the medical evidence here. The parties are familiar with the evidence and it is described accurately and in great detail in the magistrate judge's 33-page opinion and order. *See* Aplt. App., Vol. I at 51-69.

supported by substantial evidence. "We review the Commissioner's decision to determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (internal quotation marks omitted).

Medical Source Evaluation. Ms. Krchmar argues the ALJ did not properly weigh the opinions of consultative examiner Dr. LaGrand and treating physician Dr. Shadid. *See id*. (describing ALJ's obligation to consider medical-source evidence). Dr. LaGrand, a licensed clinical psychologist, performed two consultative mental status and diagnostic examinations of Ms. Krchmar at the request of the agency, once in 2006 and then in 2009. She interviewed Ms. Krchmar and conducted numerous tests, including a mental status exam, the Minnesota Multiphasic Personality Inventory (MMPI), and the Structured Inventory of Malingering Symptomology (SIMS). Dr. LaGrand rated Ms. Krchmar's global assessment of functioning (GAF) score as 55 in 2006, and as 45 in 2009. She completed a detailed psychological assessment of Ms. Krchmar which included her opinion regarding Ms. Krchmar's mental ability to do work-related activities. She opined in relevant part that Ms. Krchmar's ability to concentrate and stay on task was adequate.

Ms. Krchmar saw Dr. Shadid three times in February and March 2009. He rated her GAF score as 55, 60, and 58. Dr. Shadid checked boxes on a medical source opinion form regarding her ability to do work-related activities, but wrote at the top that his opinions were just estimates because he had limited interaction with

Ms. Krchmar and had done no testing at his office. Dr. Shadid checked boxes estimating that Ms. Krchmar had marked limitations in her ability to maintain attention and concentration.

In considering what weight to give these medical source opinions, *see id*., the ALJ gave Dr. Shadid's opinion "some weight but less than the weight than the opinion expressed by Dr. LaGrand," concerning Ms. Krchmar's ability to do work-related activities, including her ability to concentrate, "because of the limitations expressed by Dr. Shadid." Aplt. App., Vol. II at 33. But the ALJ gave greater weight to Dr. Shadid's opinion as to Ms. Krchmar's GAF scores than Dr. LaGrand's, because she had a greater opportunity to observe Ms. Krchmar.

Ms. Krchmar argues it was "nonsensical [for the ALJ] to say on one hand that despite the lack of a lengthy history Dr. Shadid's opinion is entitled to greater weight but on the other hand because of the lack of a lengthy history his opinion is entitled to lesser weight." Aplt. Opening Br. at 14. This misstates the ALJ's discussion and analysis. The ALJ gave less weight to Dr. Shadid's opinion about Ms. Krchmar's ability to do work-related activities because of the limitations given by Dr. Shadid himself, which included both the lack of history *and* a lack of testing. In contrast to Dr. Shadid, Dr. LaGrand did extensive testing of Ms. Krchmar. But as to a different issue, the subjective GAF scores,[2] the ALJ explained that Dr. Shadid's estimates

---

[2]     The Commissioner does not consider GAF scores to "have a direct correlation to the severity requirements in our mental disorders listings," Revised Medical

(continued)

were entitled to more weight because he had seen Ms. Krchmar more. *See Langley v. Barnhart*, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) ("The GAF is a subjective determination based on . . . the clinician's judgment of the individual's overall level of functioning.") (internal quotation marks omitted). The ALJ properly explained his reasoning for the weight assigned to these different opinions and we discern no reversible error in the ALJ's conclusions. *See Keyes-Zachary*, 695 F.3d at 1166.

Ms. Krchmar also argues the ALJ erred in not discussing all of the statements and opinions issued by Ms. Braddick, a therapist. It is clear that the ALJ considered all of Ms. Braddick's opinions, and he did discuss some of her statements more specifically. But the ALJ also noted that Ms. Braddick is not an acceptable medical source. Further, the ALJ gave an example of one statement by Ms. Braddick in particular that was not supported by any facts. "In the case of a nonacceptable medical source like [Ms. Braddick], the ALJ's decision is sufficient if it permits us to follow the adjudicator's reasoning." *Id*. at 1164 (internal quotation marks omitted). The ALJ's discussion of Ms. Braddick's evidence was sufficiently clear and we discern no reversible error in the ALJ's discussion and consideration.

Credibility. Ms. Krchmar testified she has migraines about three times a week which cause sensitivity to light and vomiting. The ALJ discounted this testimony,

Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000), and the new Diagnostic and Statistical Manual of Mental Disorders, 16 (5th ed., 2013) has discontinued its use because of "its conceptual lack of clarity . . . and questionable psychometrics in routine practice."

finding her migraines to be non-severe. Ms. Krchmar argues the ALJ did not give reasons, supported by evidence, for not accepting her testimony. *See id.* at 1166-67 (explaining ALJ's obligations in considering credibility). We disagree. As to her migraines, the ALJ found that "the medical evidence of record indicate no findings or test results, medications or treatment regimes prescribed for [migraine headaches] that result in any functional limitation." Aplt. App., Vol. II at 18. The ALJ noted that Dr. Briggeman had no treatment records or tests that diagnosed migraine headaches and his notes stated there was only Ms. Krchmar's self-report of a history of migraines. Ms. Krchmar points out that she did report her migraines and was given medication for migraines, but as the ALJ noted, the medical record did not indicate her migraines caused functional limitations.

Ms. Krchmar also testified that she had difficulty concentrating, staying focused on tasks, and completing tasks. The ALJ found this claim was inconsistent with her testimony that she was compliant with her medication regime. Further, the ALJ explained that he gave great weight to Dr. LaGrand's finding that she had adequate concentration and ability to understand, remember and carry out instructions, and had no significant problems with persistence or pace.

Moreover, as thoroughly and accurately described by the district court, the ALJ gave many other reasons for discounting Ms. Krchmar's testimony, and tied his findings to specific evidence. The ALJ listed numerous inconsistencies in her testimony, noted the instances in which her claims were not supported by medical

evidence, and cited Dr. LaGrand's test results indicating she feigned or exaggerated her symptoms. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence in the record, provided the determinations are closely and affirmatively linked to that evidence." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1302 (10th Cir. 2011) (alteration and internal quotation marks omitted). We have reviewed the record and conclude the ALJ's credibility determination was adequate.

RFC Assessment. As noted, the ALJ found that Ms. Krchmar was limited to sedentary work that was simple and repetitive and had only incidental contact with the public. Ms. Krchmar contends this finding is inconsistent with her testimony and Ms. Braddick's statements that she has problems with concentration, focus, motivation, and staying on task. We have already concluded the ALJ properly assessed the credibility of Ms. Krchmar's testimony and Ms. Braddick's non-medical source statements. We conclude from our review of the record that substantial evidence supports the ALJ's RFC assessment. Although Dr. LaGrand stated in 2006 that Ms. Krchmar's ability to be reliable was poor, he also found that Ms. Krchmar had adequate concentration and no significant problems with persistence or pace. Dr. LaGrand reexamined Ms. Krchmar in 2009, after the administrative hearing, and again opined that she had adequate memory and no significant problems with persistence or pace. Further, Dr. Leon found that Ms. Krchmar had a fair attention span, intact memory, and average intellectual functioning. The ALJ provided very

detailed and thorough reasons for his RFC assessment and substantial evidence

supports his RFC finding.

The judgment of the district court is affirmed.

Entered for the Court


Stephen H. Anderson
Circuit Judge