**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALBERTA ROSE JOSEPHINE JONES,

    Plaintiff - Appellant,

v.

KIM BOWERS; FACEBOOK
PAYMENTS INC.; SUNSHINE BUSH;
AMANDA TAYLOR; JEN BILLINGS;
TIFFANY LIOU; KSWO-TV; PRAGUE
EMS; STROUD REGIONAL MEDICAL
CENTER; TIM DONALDSON;
RICHARD SMOTHERMON; CINDY
KIRBY; DR. MARVIN Y. JIN; TRIBUNE
BROADCASTING OKLAHOMA CITY,
LLC,

    Defendants - Appellees.

No. 17-6178
(D.C. No. 5:17-CV-00727-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

    Alberta Jones appeals the district court's order dismissing her complaint, as

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

well as its subsequent order striking certain affidavits and exhibits.[1]  We affirm.

**I. Background**

Jones brought this lawsuit after an unfortunate incident involving her son Ryan.  According to her complaint, Ryan was prematurely released from a psychiatric hospital.  He did not get the help he needed, in part because the county they live in did not have a Program of Assertive Community Treatment (PACT).  Shortly after his release, Ryan donated two of Jones' dogs to an animal rescue and had an altercation with a volunteer at the rescue.  The volunteer jumped on Ryan's car and punched the windshield until it cracked.  Ryan panicked and drove a short distance with her still on the car.  The incident was inadequately investigated and local news agencies[2] falsely reported it as a hit and run.

The district court interpreted Jones' complaint as raising three claims:  (1) the county violated Ryan's rights under the Americans with Disabilities Act (ADA) by failing to provide a PACT program, (2) the defendants violated her own rights under the ADA, and (3) they conspired to violate her civil rights.  The court dismissed her complaint sua sponte for failure to state a claim.

---

[1] Jones proceeds pro se, so we liberally construe her pleadings and hold them to a less stringent standard than those drafted by lawyers.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But Jones must "follow the same rules of procedure that govern other litigants" and we cannot serve as her attorney by "constructing arguments and searching the record."  *Id*. (internal quotation marks omitted).

[2] The news agencies—Tribune and KSWO—were the only defendants Jones served.

First, the district court concluded Jones could not maintain a pro se lawsuit on Ryan's behalf, so it dismissed her claim that the county's failure to provide a PACT program violated his rights under the ADA. *See Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299-1300 (10th Cir. 2011) (discussing the general rule that non-attorney parents may not litigate claims on behalf of their children).

Second, the district court determined Jones had failed to state a claim that the defendants violated her rights under the ADA because, among other things, she did not explain how they actually discriminated against her. *See EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1037-38 (10th Cir. 2011) (recognizing that one element of a disability discrimination claim under the ADA is discrimination based on disability).

Third, to the extent Jones claimed the defendants conspired to violate her civil rights under 42 U.S.C. § 1983, the district court noted that her only allegation against state actors was that sheriff's deputies failed to adequately investigate Ryan's altercation with the volunteer. The court found this allegation insufficient because Jones had no right to compel a criminal investigation or prosecution. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (internal quotation marks omitted)). And to the extent Jones claimed there was a conspiracy to violate her civil rights under 42 U.S.C. § 1985(3), the court found her allegations were, at best, a formulaic recitation of the elements, which is not enough to avoid dismissal, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

3

The district court concluded that allowing Jones to amend her complaint would be futile, so it dismissed her claims with prejudice. Jones then filed a series of affidavits and exhibits, but given the district court's prior ruling, it refused to accept them. Jones now challenges the district court's order of dismissal and its subsequent order striking her affidavits and exhibits.

**II. Analysis**

We review the district court's order of dismissal de novo. *See SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). Sua sponte "dismissal under [Fed. R. Civ. P.] 12(b)(6) is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing her an opportunity to amend her complaint would be futile." *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alterations and internal quotation marks omitted). When this standard is met, the district court is not required to grant leave to amend. *See id*. ("[E]ven though pro se parties generally should be given leave to amend, it is appropriate to dismiss without allowing amendment where it is obvious that the plaintiff cannot prevail on the facts she has alleged and it would be futile to give her an opportunity to amend." (alterations and internal quotation marks omitted)).

Even under the liberal standard we apply to Jones' pro se pleadings, she has failed to preserve any issues for appellate review. Jones' briefs simply recount her allegations against the defendants. She does not squarely address the district court's reasons for dismissing her complaint or explain why it erred. *See Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1092 (10th Cir. 2006) (declining to address

4

an issue when appellant "ma[de] no real argument (other than conclusory statements that the district court erred) and cite[d] no legal authority in support of its position"); *see also Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (issues inadequately briefed are forfeited). Nor does Jones meaningfully argue that she could correct the deficiencies the district court identified if given the opportunity to amend her complaint. Finally, Jones does not explain why the district court lacked discretion to strike her affidavits and exhibits. *See Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 894 (10th Cir. 1997) (explaining, albeit in the summary judgment context, that we review the district court's decision to exclude evidence for abuse of discretion).

Despite these failings, we have reviewed Jones' complaint and other relevant portions of the record, and we are satisfied the district court properly dismissed her claims for the reasons stated in its order.

**III. Conclusion**

We affirm the district court's order of dismissal and its order striking Jones' affidavits and exhibits.

We grant Jones' and Tribune's motions to supplement the record and deny Jones' motion to strike.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5