

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# Price v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3968

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Price v. Comm Social Security" (2005). *2005 Decisions*. Paper 1288.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1288

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-211                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-3968
_____

MARIAH J. PRICE,
(Mother-Miranda P. Price),

Appellant

v.

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-02890)
District Judge:  Honorable Robert B. Kugler

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
APRIL 7, 2005

Before:  RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

(Filed :  April 29, 2005)
_____

OPINION
_____

PER CURIAM

Miranda Price, on behalf of her daughter Mariah J. Price, has appealed from the District Court's order affirming an Administrative Law Judge's decision that concluded that Mariah Price had received an overpayment of benefits and that the overpayment could not be waived. For the following reasons, we shall affirm.

Mariah Price began receiving monthly Supplemental Security Income ("SSI") benefits in 1994. Mariah's mother, Miranda Price, remarried Joseph Price (Mariah's father) in August 1999 and the family began residing together. In February 2000, the Social Security Administration ("SSA") conducted a routine review of Mariah's disability case and determined that she had been overpaid, in the amount of $1,087.00, during November 1999, December 1999, and January 2000, because her financial support for those months was presumed to include Joseph's income. Miranda Price contends that she was without fault in causing the overpayment and, as a result, the repayment obligation should be waived. Her request for a waiver of overpayment and subsequent request for reconsideration of overpayment were denied; the amount to be repaid, however, was reduced by $477.00. Miranda Price then requested a hearing before an ALJ. The ALJ concluded that Miranda Price was not without fault, since she did not immediately disclose her marriage, and that there had been an overpayment that could not be waived. The appeals council denied her request for review and, as a result, the ALJ's decision stood as the Commissioner of Social Security's final decision.

2

Miranda Price then commenced this civil action in the District Court seeking review of the Commissioner's decision. The District Court affirmed the decision and Miranda Price timely appealed.

A parent who is not a lawyer cannot represent her child in federal court. See Osei-Afriyie v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991). A parent may be permitted to proceed, however, when the parent's own interests are at stake, as is the case here. See Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir. 2002); Harris v. Apfel, 209 F.3d 413, 416 (5th Cir. 2000).

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a district court's holding regarding a decision rendered by the Commissioner of Social Security. See Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). A determination under the Social Security Act is upheld if it is supported by substantial evidence, which "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564-65 (1988)).

In this case the District Court concluded that there was substantial evidence to support the ALJ's holding that there was an overpayment and that the overpayment could not be waived. We agree. Miranda Price failed to prove that the amount of in-kind support and maintenance Mariah had received was less than the presumed value of

support and maintenance. Additionally, the evidence was sufficient to show that Miranda Price was not without fault in causing the overpayment; she waited four months to disclose that she remarried Mariah's father and that he became part of their household. See 20 C.F.R. § 416.552(a).

Therefore, having concluded the appeal presents no substantial question, we will summarily affirm the District Court's order. Price's motion for appointment of counsel is denied.