**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3583
_____

ROBERT FARINA,
for Nalani Farina,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-02609)
District Judge:  Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2016

Before: FISHER, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: December 6, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Farina, on behalf of his adult daughter Nalani Farina, appeals from the District Court's order affirming the Commissioner of the Social Security Administration's ("Commissioner") denial of Nalani Farina's application for disabled child's insurance benefits and supplemental security income. Because the District Court erroneously permitted Robert Farina, who is not a lawyer, to litigate his adult daughter's claim for her, we will vacate the District Court's decision and remand for further proceedings.

In 2009, Nalani Farina applied for supplemental security income and disabled child's insurance benefits.[1] Nalani Farina, who was 18 years old at the time of her application, alleged that her mental health problems, including attention deficit disorder, dysthymia, and depression, prevented her from obtaining employment. Her claim was denied initially and upon reconsideration. Nalani Farina then requested review by an Administrative Law Judge ("ALJ"). The ALJ denied Nalani Farina's claim in a written opinion, concluding that she was not disabled and therefore not entitled to disabled child's insurance benefits pursuant to 20 C.F.R. § 404.350(a)(5) or to supplemental security income. The Appeals Council later affirmed the ALJ's decision.

---

[1] Disabled child's insurance benefits are paid to the qualified "child . . . of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual," if, inter alia, the child is 18 years of age, or older, and has a disability that began before she turned 22 years old. 42 U.S.C. § 402(d)(1)(B)(ii); see also 20 C.F.R. § 404.350(a)(5).

2

Robert Farina then commenced this civil action in the District Court, seeking judicial review of the Commissioner's decision and proceeding in forma pauperis on behalf of his adult daughter.[2] In the complaint, Robert Farina alleged that the ALJ's decision was not supported by substantial evidence. The District Court affirmed the Commissioner's denial of benefits, concluding that substantial evidence supported the ALJ's decision that Nalani Farina was not disabled. Robert Farina timely appeals.[3]

This appeal raises the threshold issue of whether we can consider the merits of this appeal in the absence of Nalani Farina's representation pro se or by counsel.[4] Parties may proceed in federal court only pro se or through counsel. See 28 U.S.C. § 1654. A parent who is not a lawyer cannot represent his child in federal court. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Although Robert Farina is the

---

[2] Robert Farina signed the pleadings, but indicated that he was proceeding on behalf of his daughter and asserted no claim of his own. In a later filing, Robert Farina purported to proceed on his daughter's behalf because he was "deemed by Social Security as her legal representative" and "will be acting as her proxy in this civil action case."

[3] In his brief, his appendix, a document in support of the appeal, and his reply brief with attachments, Robert Farina improperly provides personal data identifiers, including the Social Security number of his daughter. See 3d Cir. L.A.R. Misc. 113.12. On the Clerk's invitation, he submitted a motion to seal these documents (which he asks us to consider despite its having been filed out-of-time).

[4] The notice of appeal, which is captioned as Robert Farina, on behalf of Nalani Farina, appears to bear only Robert Farina's signature. On October 27, 2015, the Clerk of this Court issued an order notifying the parties that Robert Farina is not permitted to represent his daughter. No appearance of counsel was entered on behalf of Nalani Farina.

father of Nalani, he is not permitted to pursue her claims on her behalf on appeal or in the District Court.[5]

The District Court should not have allowed Robert Farina to represent his daughter. The District Court also should not have reached the merits of his daughter's claim in the absence of proper representation. See id. at 883; cf. Gardner v. Parson, 874 F.2d 131, 141 (3d Cir. 1989) (reversing dismissal of incompetent plaintiff's claim and explaining that, "[b]ecause [she] was without a representative when the court dismissed her claims, and was otherwise unprotected, the court was without authority to reach the merits of those claims").

For these reasons, we will vacate the District Court's judgment and remand for further proceedings.[6] We leave the appropriate steps on remand to the District Court's

---

[5] We are aware that some courts have allowed a non-attorney parent of a minor child (who was also a putative representative payee of the child's benefits) to handle the child's appeal from the Social Security Administration's unfavorable decision. See, e.g., Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir. 2002); Harris v. Apfel, 209 F.3d 413, 416-17 (5th Cir. 2000). We decline to consider whether we would adopt a similar rule under similar circumstances. We note, however, that those cases are distinguishable from this one. Among other things, Nalani Farina is and has been an adult at all relevant times during the litigation.

[6] Because the potential harm to Nalani Farina from having her Social Security number exposed outweighs the public's interest in the documents that her father filed, we conclude that good cause supports the sealing of Robert Farina's "Formal Brief," Appendix, Document in support of Appeal, and Reply Brief with Attachments. See generally Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). On our own motion, we direct the Clerk to seal the documents for a period of 50 (fifty) years. We deny Robert Farina's motion to seal as unnecessary.

discretion.  Solely by way of example, however, we note that the District Court may wish to consider requiring Nalani Farina to represent herself or to retain counsel.  The District Court also is free to assess whether counsel should be appointed for her.[7]  See 28 U.S.C. § 1915(e); Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  Given our ruling that the District Court should not have reached the merits of the claim, we express no opinion on the merits ourselves.

---

[7] As an initial matter, the District Court may wish to invite Nalani Farina to file her own application to proceed in forma pauperis.