**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3073
_____

JEFFREY MICHAEL LIBERTO

v.

COMMISSIONER SOCIAL SECURITY

Jeffrey Michael Liberto; Luisa Liberto,

Appellants

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-17-cv-01348)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2020

Before: SHWARTZ, RESTREPO and RENDELL, <u>Circuit Judges</u>

(Opinion filed: January 14, 2020)

_____

O P I N I O N*

_____

PER CURIAM

Jeffrey Liberto and his mother, Luisa Liberto, appeal from the District Court's

judgment against him in his challenge to the Commissioner of Social Security's denial of

his application for disability benefits. On review, it appears that the District Court

improperly permitted Luisa[1] to represent her adult son Jeffrey pro se and that Jeffrey may

not have knowingly and competently adopted her filings on his behalf. Thus, without

reaching the merits, we will vacate and remand for further proceedings.

I.

Jeffrey, through Luisa, applied for Social Security disability benefits in 2014 when

he was 17 years old. The Commissioner finally denied his application in 2017. Jeffrey,

then 20 years old, sought review of that ruling by filing the civil action at issue here.

Jeffrey's complaint named both Jeffrey and Luisa (on behalf of Jeffrey) as plaintiffs.

Both Jeffrey and Luisa also filed motions for leave to proceed in forma pauperis, which a

Magistrate Judge granted.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] For simplicity, we hereafter refer to Jeffrey and Luisa Liberto by their first names
without intending any disrespect or undue familiarity. We also will refer to various
filings as having been submitted by Jeffrey, by Luisa, or by both, although it appears that
Luisa has prepared all relevant filings as discussed below.

2

In granting Luisa's motion and screening the complaint, however, the Magistrate Judge noted that Luisa could bring claims on Jeffrey's behalf in this Social Security action if he is a minor[2] but that Jeffrey's age was not apparent from the complaint. (ECF No. 5 at 8.) Thus, the Magistrate Judge directed Luisa to file an amended complaint specifying Jeffrey's age. (Id.) Luisa responded with a motion for appointment of counsel. In that motion, Luisa acknowledged that Jeffrey is an adult and that she cannot represent him. (ECF No. 7 at 3.) She claimed, however, that Jeffrey lacks "the intellectual capacity to represent himself." (ECF No. 7 at 3.)

Luisa nevertheless filed an amended complaint pro se. The amended complaint named only Jeffrey as a plaintiff and bore only his signature, thus making Luisa a nonparty. After the Commissioner answered, Luisa filed a "response" under Jeffrey's name. She continued to acknowledge that she "cannot represent" Jeffrey. (ECF No. 15 at 15.) She also asserted that, although "she is not an attorney" and does not "have any legal training," she has been "forced to act on behalf" of Jeffrey because, inter alia, Jeffrey "is not able to intellectually represent himself." (Id. at 26.)

Shortly thereafter, the Magistrate Judge denied Jeffrey's motion for appointment of counsel. The Magistrate Judge acknowledged Luisa's assertions regarding Jeffrey's competence. The Magistrate Judge concluded, however, that the relevant filings bore

---

[2] In support of that conclusion, the Magistrate Judge relied on our non-precedential opinion in Price v. Barnhart, 129 F. App'x 699, 700 (3d Cir. 2005) (per curiam). As discussed below, we have not addressed that issue in a precedential opinion and need not do so in this case because Jeffrey is an adult.

3

Jeffrey's signature and demonstrated the ability to present legal arguments, even if "he may be receiving informal assistance from his mother." (ECF No. 18 at 4.)

Luisa then clarified the nature of that assistance in a letter that she sent to both the Magistrate Judge and the District Judge. In that letter, Luisa asserted that unspecified court personnel advised her to take her own name "off the documents and to just have Jeffrey sign the papers himself. . . . So, I took my name off and had Jeffrey sign the documents, even though Jeffrey is incompetent to reason and to write all (or anything) I have submitted." (ECF No. 19 at 2-3.)

About two months later, and without further discussion of Jeffrey's representation or competence, the Magistrate Judge issued a thorough report recommending that the District Court enter judgment in the Commissioner's favor on the merits. The District Court adopted that recommendation. Luisa then sent it a letter under her name claiming not to have received the Magistrate Judge's report. The District Court treated the letter as a motion for reconsideration and gave Luisa and Jeffrey more time to file objections, which they did. In their objections, and in a reply to the Commissioner's response, they continued to assert that Jeffrey "is incompetent to represent himself." (ECF Nos. 25-3 at 1; 27 at 30.) The District Court, without addressing that issue, declined to reconsider its ruling. Jeffrey and Luisa now appeal.[3]

---

[3] Both Jeffrey and Luisa signed the notice of appeal. Even though there is some question whether the notice of appeal is valid as to Jeffrey as discussed below, and even though Luisa's signature does not perfect the appeal on behalf of her adult son, cf. Fed. R. App. P. 3(c)(2), Luisa's appeal from the District Court's final order gives us jurisdiction under 28 U.S.C. § 1291. That is so regardless of whether Luisa has nonparty standing to seek an appellate ruling on the merits. See United States v. Stoerr, 695 F.3d 271, 277 n.5 (3d

As just discussed, appellants' filings below suggested that Luisa prepared and submitted them without Jeffrey's involvement. On appeal, Luisa has made that point explicit by asserting: "Because Appellants have not been able to obtain legal counsel or have not been assigned legal counsel, mom [Luisa] has, from June 2014 until now, written all Appellants' motions, responses, appeals, etc., on behalf of [Jeffrey] as he is incompetent to represent himself. He only signs as directed." (Appellant's Br. at 5.)

In response, the Commissioner argues that we should not reach the merits of this appeal because Jeffrey is not proceeding either pro se or through counsel. We agree. Rather than affirm on that basis, however, we will vacate and remand for further proceedings. Cf. Gardner ex rel. Gardner v. Parson, 874 F.2d 131, 141 (3d Cir. 1989) (reversing dismissal of incompetent plaintiff's claims and explaining that, "[b]ecause [she] was without a representative when the court dismissed her claims, and was otherwise unprotected, the court was without authority to reach the merits of those claims").

Individuals may proceed in federal court either pro se or with legal representation, but they may not be represented by non-lawyers, including non-lawyer parents. See Murray ex rel. Purnell v. City of Phila., 901 F.3d 169, 170-71 (3d Cir. 2018) (citing, inter

_____

Cir. 2012) (noting that "[t]he issues of jurisdiction under § 1291 and non-party appellate rights are distinct") (citation omitted). We need not decide whether Luisa has standing to seek a ruling on the merits because we decline to reach the merits for a different reason. See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (holding that federal courts may "choose among threshold grounds for denying audience to a case on the merits") (citation omitted).

alia, Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882 (3d Cir. 1991)). Some courts have recognized an exception permitting parents to represent minor children in Social Security cases for reasons related largely to the children's status as minors. See, e.g., Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1300-01 (10th Cir. 2011) (citing, inter alia, Machadio v. Apfel, 276 F.3d 103, 107-08 (2d Cir. 2002), and Harris ex rel. Harris v. Apfel, 209 F.3d 413, 417 (5th Cir. 2000)).

We have not addressed that issue in a precedential opinion. Cf. Price v. Barnhart, 129 F. App'x 699, 700 (3d Cir. 2005) (per curiam) (following Machadio and Harris in a non-precedential opinion). We need not consider that issue in this case because Jeffrey was an adult when he filed this civil action and because appellants do not argue that this exception extends to adult children. Cf. Farina v. Comm'r of Soc. Sec., 670 F. App'x 756, 758 & n.5 (3d Cir. 2016) (per curiam) (concluding in a non-precedential opinion that it does not). To the contrary, Luisa concedes that she cannot represent Jeffrey in this proceeding. On this record, and subject to the caveat in note 6, below, we agree.[4]

Ordinarily, Jeffrey's signature on the relevant filings might have cured any defect in this regard by signaling his adoption of those filings. In this case, however, Luisa—the person who claims to have prepared those filings—repeatedly has asserted that Jeffrey

---

[4] Luisa argues that, if we cannot reach the merits in light of her representation of Jeffrey, we should appoint counsel on appeal. We decline to do so. Among other thing, and although we express no opinion on the merits, it does not appear that the merits turn on a discrete legal issue. Cf. Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (explaining that remand usually is required when a pro se parent has represented a child below but reaching the merits where children were represented by counsel on appeal and the appeal turned solely on a question of law).

does not understand them and is instead incompetent to represent himself. Given those assertions, we cannot be confident that Jeffrey even knows or understands what has been filed on his behalf. Thus, we cannot be confident that Jeffrey knowingly and competently proceeded pro se below (or is knowingly and competently proceeding pro se on appeal).

The District Court did not address that issue in the first instance, and it is in the best position to do so. See Powell v. Symons, 680 F.3d 301, 308 (3d Cir. 2012). In a similar vein, we have held that Fed. R. Civ. P. 17(c)(2) requires District Courts to inquire into a party's competence when presented with "verifiable evidence of incompetence." Powell, 680 F.3d at 307. We express no opinion on whether anything of record rises to that level.[5] We hold, however, that the District Court should inquire into whether Jeffrey has knowingly and competently proceeded pro se in this case.

We leave it to the District Court to determine how to proceed on remand. Cf. id. at 310 (noting that the evidence of record, or the District Court's own experience with a litigant, might obviate "the need for a full blown hearing"). At a minimum, however, the District Court should inquire into whether Jeffrey knows and understands the substance of his claims of disability and of his challenges to the denial of those claims. If the District Court determines that Jeffrey knowingly and competently adopts Luisa's filings,

---

[5] Luisa appears to base her assertions that Jeffrey is incompetent at least in part on the same medical reports on which she relies in arguing that Jeffrey suffers from qualifying mental disabilities. The District Court already has affirmed the Commissioner' conclusion to the contrary, but "mental disability and mental incompetence are not the same thing." Rapp v. Office of Pers. Mgmt., 483 F.3d 1339, 1341 (Fed. Cir. 2007). Thus, the District Court's assessment of the record for purposes of applying the substantial evidence standard of review to the Commissioner's denial of disability benefits should not control its assessment of Jeffrey's competence.

7

then nothing in this opinion would prevent the District Court from again adopting the

Magistrate Judge's analysis (though we express no opinion on the merits of that analysis).

If the District Court determines that Jeffrey is incompetent to represent himself, by

contrast, then the District Court will have to consider other options, which might include

appointment of a guardian[6] or reconsideration of appointment of counsel under 28 U.S.C.

§ 1915(e)(1).  We express no opinion on whether those steps or any other might be

warranted.

III.

For these reasons, and without expressing any opinion on the merits, we will vacate the
judgment of the District Court and remand for further proceedings.

---

[6] Our review does not reveal any claim that Luisa is Jeffrey's legal guardian, which we
would expect her to have mentioned if she is.  If Luisa is Jeffrey's legal guardian,
however, then she could proceed on his behalf under Fed. R. Civ. P. 17(a)(1) or (c)(1).
We express no opinion on whether she could do so pro se under the exception for minors
in Social Security cases that some courts have recognized as discussed above.  The
District Court can consider that issue in the first instance if appropriate on remand.